UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

| | |
|---|---|
| SAMANTHA MOODY, *et al.*,<br><br>　　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>ALEJANDRO MAYORKAS, in his official capacity as Secretary, United States Department of Homeland Security, *et al.*,<br><br>　　　　　　　　　Defendants. | Case No. 1:24-cv-00762-CNS |

**DEFENDANTS' ANSWER**

Defendants Alejandro Mayorkas, in his official capacity as Secretary, U.S. Department of Homeland Security, and Ur Jaddou, in her official capacity as Director, U.S. Citizenship and Immigration Services, answer Plaintiffs' Complaint, ECF No. 1, as follows:

**INTRODUCTION**

1. Paragraph 1 consists of Plaintiffs' characterization of this lawsuit, to which no response is required. To the extent a response is deemed required, the allegations in this paragraph are denied.

2. Denied.

3. Paragraph 3 consists of Plaintiffs' characterization of this lawsuit, to which no response is required. To the extent a response is deemed required, the allegations in this paragraph are denied.

4. Denied.

5. Defendants deny the allegations in Paragraph 5 and in the first sentence of footnote 1. Defendants admit the second sentence of footnote 2.

6. Denied.

7. Admitted. Defendants aver that, at the time the Final Rule was issued, "DHS ha[d] begun the fee study required by the EB–5 Reform and Integrity Act of 2022 and ha[d] initiated a working group to begin drafting the rule. However, that effort was still in its early stages." U.S. Citizenship and Immigration Services Fee Schedule and Changes to Certain Other Immigration Benefit Request Requirements, 89 Fed. Reg. 6,194, 6,375 (Jan. 31, 2024).

8. Paragraph 8 consists of Plaintiffs' characterization and quotation of a statute, to which no response is required.  To the extent a response is deemed required, Defendants refer the Court to the statute for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

9. Paragraph 9 consists of Plaintiffs' characterization and quotation of a statute, to which no response is required.  To the extent a response is deemed required, Defendants refer the Court to the statute for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

10. Denied.

11. Defendants admit that the fee for a Form I-526/526E Immigrant Petition by Standalone/Regional Center increased from $3,675 to $11,160 (a 204% increase). Defendants deny the remainder of the allegations in Paragraph 11.

12. Paragraph 12 consists of argument and legal conclusions to which no response is required.  To the extent a response is deemed required, the allegations in this paragraph are denied.

**JURISDICTION AND VENUE**

13. Admitted.

14. Admitted.

15. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 15 regarding Plaintiffs' injuries. Paragraph 15 otherwise consists of argument and legal conclusions to which no response is required. To the extent a response is deemed required, the allegations in this paragraph are denied.

16. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 16 regarding Plaintiff Moody's residence. Paragraph 16 otherwise consists of argument and legal conclusions to which no response is required. To the extent a response is deemed required, the allegations in this paragraph are denied.

## PARTIES

17. Admitted as to the first four sentences of Paragraph 17. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the fifth sentence regarding Plaintiff Moody's residence.

18. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 18.

19. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 19.

20. Admitted.

21. Admitted.

## LEGAL AND FACTUAL FRAMEWORK

22-27. Paragraphs 22-27 consist of Plaintiffs' characterization and quotation of a statute, to which no response is required. To the extent a response is deemed required, Defendants refer the Court to the statute for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

28. Paragraph 28 consists of Plaintiffs' characterization and quotation of a document issued by the Secretary of Homeland Security, to which no response is required. To the extent a response is deemed required, Defendants refer the Court to the document for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

29. Paragraph 29 consists of argument and legal conclusions to which no response is required. To the extent a response is deemed required, the allegations in this paragraph are denied.

30. Denied.

31. Denied.

32. Paragraph 32 consists of Plaintiffs' characterization of a USCIS webpage, to which no response is required. To the extent a response is deemed required, Defendants refer the Court to the webpage for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

33. Paragraph 33 consists of Plaintiffs' characterization and quotations of a Federal Register document. To the extent a response is deemed required, Defendants refer the Court to the document for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

34. Paragraph 34 consists of argument and legal conclusions to which no response is required. To the extent a response is deemed required, the allegations in this paragraph are denied.

35. Denied.

36-37. Paragraphs 36-37 consist of Plaintiffs' characterization and quotation of a statute, to which no response is required. To the extent a response is deemed required, Defendants refer the Court to the statute for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

38. Paragraph 38 consists of argument and legal conclusions to which no response is required. To the extent a response is deemed required, the allegations in this paragraph are denied.

39. Admitted.

40. Paragraph 40 consists of Plaintiffs' characterization of a statute and its legislative history, to which no response is required. To the extent a response is deemed required, Defendants refer the Court to the statute for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

41. The first sentence of Paragraph 41 consists of argument and legal conclusions to which no response is required. To the extent a response is deemed required, the allegations in this sentence are denied. The remainder of Paragraph 41 consists of Plaintiffs' characterization and quotation of legislative history, to which no response is required. To the extent a response is deemed required, Defendants refer the Court to the cited legislative history for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

42. Paragraph 42 consists of Plaintiffs' characterization and quotation of an opinion by the General Counsel of the former Immigration and Naturalization Service, to which no response is required. To the extent a response is deemed required, Defendants refer the Court to the cited opinion for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

43. Paragraph 43 consists of argument and legal conclusions to which no response is required. To the extent a response is deemed required, the allegations in this paragraph are denied.

44. Denied.

45. Admitted.

46. Admitted.

47. Defendants admit that USCIS promulgated a fee rule in 2020 (not 2000) and that the 2020 fee rule was preliminary enjoined by multiple courts. The remainder of Paragraph 47 consists of argument and legal conclusions to which no response is required. To the extent a response is deemed required, the remaining allegations in this paragraph are denied.

48. Paragraph 48 consists of Plaintiffs' characterization of a Federal Register document and quotation of a GAO document. To the extent a response is deemed required, Defendants refer the Court to the documents for a full and accurate statement of their contents and denies any allegations inconsistent therewith.

49. Admitted.

50. Paragraph 50 consists of Plaintiffs' characterization and quotation of a Federal Register document. To the extent a response is deemed required, Defendants refer the Court to the document for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

51. Denied.

52. Paragraph 52 consists of Plaintiffs' characterization and quotation of a statute, to which no response is required. To the extent a response is deemed required, Defendants refer the Court to the statute for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

53. Paragraph 53 consists of argument and legal conclusions to which no response is required. To the extent a response is deemed required, the allegations in this paragraph are denied.

54. Paragraph 54 consists of Plaintiffs' characterization and quotation of a Federal Register document, to which no response is required. To the extent a response is deemed required,

Defendants refer the Court to the cited document for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

55. Denied.

56-62. Paragraphs 56-62 consist of Plaintiffs' characterization and quotation of a Federal Register document, to which no response is required. To the extent a response is deemed required, Defendants refer the Court to the cited document for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

63. Denied.

64. Denied.

65. Denied.

66. Paragraph 66 consists of Plaintiffs' characterization and quotation of a Federal Register document. To the extent a response is deemed required, Defendants refer the Court to the document for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

67. Paragraph 67 consists of Plaintiffs' characterization and quotation of a document. To the extent a response is deemed required, Defendants refer the Court to the document for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

68. Denied.

69. Paragraph 69 consists of Plaintiffs' characterization and quotation of a USCIS document, to which no response is required. To the extent a response is deemed required, Defendants refer the Court to the cited document for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

70. Denied.

71. Denied.

72. Paragraph 72 consists of Plaintiffs' characterization of a document and legal argument based on that document. To the extent a response is deemed required, Defendants refer the Court to the document for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

73. Admitted.

74. Admitted to the extent the allegation in Paragraph 74 involves a comparison between FY 2019-2020 and FY 2022-2023. Otherwise, Defendants deny the allegation.

75. Denied.

76. Admitted.

77. Denied.

78. Defendants admit the allegations in sentences 1 and 3 of Paragraph 78, but deny the remainder of the allegations in this paragraph.

79. Denied.

80. Denied.

81. Paragraph 81 consists of Plaintiffs' characterization of a Federal Register document. To the extent a response is deemed required, Defendants refer the Court to the document for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

82. Admitted.

83. Paragraph 83 consists of Plaintiffs' characterization and quotation of a statute, to which no response is required. To the extent a response is deemed required, Defendants refer the Court to the statute for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

84. Admitted.

85. Paragraph 85 consists of Plaintiffs' characterization and quotation of a Federal Register document, to which no response is required. To the extent a response is deemed required, Defendants refer the Court to the cited document for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

90. Denied.

91. Admitted.

92. Paragraph 92 consists of Plaintiffs' characterization and quotation of a USCIS webpage, to which no response is required. To the extent a response is deemed required, Defendants refer the Court to the webpage for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

93. Denied.

94. Paragraph 94 consists of Plaintiffs' characterization and quotation of a Federal Register document, to which no response is required. To the extent a response is deemed required, Defendants refer the Court to the cited document for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

95. Paragraph 95 consists of Plaintiffs' characterization and quotations of a USCIS webpage and Federal Register document. To the extent a response is deemed required, Defendants

refer the Court to the webpage and document for a full and accurate statement of their contents and denies any allegations inconsistent therewith.

96. Denied.

97. Admitted.

98. Paragraph 98 consists of Plaintiffs' characterization and quotation of a Federal Register document, to which no response is required. To the extent a response is deemed required, Defendants refer the Court to the cited document for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

99. Paragraph 99 consists of Plaintiffs' characterization and quotation of a USCIS webpage. To the extent a response is deemed required, Defendants refer the Court to the webpage and document for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

100. Paragraph 100 consists of Plaintiffs' characterization and quotation of a USCIS webpage. To the extent a response is deemed required, Defendants refer the Court to the webpage and document for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

101. Denied.

102. Denied.

103. Paragraph 103 consists of Plaintiffs' characterization and quotations of a Federal Register document. To the extent a response is deemed required, Defendants refer the Court to the document for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

104. Denied.

105. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 105.

106. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the first two sentences in Paragraph 106. Defendants deny the remainder of the allegations in Paragraph 106.

107. Defendants admit the second and third sentences of Paragraph 107. Defendants deny the remainder of the allegations in Paragraph 107.

108. Paragraph 108 consists of Plaintiffs' characterization and quotation of a USCIS Ombudsman report, to which no response is required. To the extent a response is deemed required, Defendants refer the Court to the report for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

109. Paragraph 109 consists of Plaintiffs' characterization and quotation of a USCIS Ombudsman report, to which no response is required. To the extent a response is deemed required, Defendants refer the Court to the report for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

110. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 110.

111. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of Paragraph 111. The remainder of this paragraph consists of argument and legal conclusions to which no response is required. To the extent a response is deemed required, the remainder of the allegations in this paragraph are denied.

112. Defendants deny that their actions are unlawful. Defendants lack knowledge or information sufficient to form a belief about the truth of the remainder of the allegations in Paragraph 112.

113-120. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 113-120.

121. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of Paragraph 121. Defendants deny the remainder of the allegations in this paragraph.

122-124. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 122-124.

125. Defendants admit that, under the Final Rule, an employer with 25 or more employees must pay, for an H-1B employee, a petition filing fee of $780 (formerly $460) and an Asylum Program Fee of $600 ($300 for employers with 25 full-time equivalent employees or $0 for non-profits). Defendants deny the remainder of the allegations in this paragraph.

126. Admitted.

127. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of Paragraph 127. Defendants deny the remainder of the allegations in this paragraph.

128. Denied.

129. Admitted.

130. Denied.

131. Defendants admit the first sentence in Paragraph 131. Defendants deny the remainder of the allegations in Paragraph 131.

132. Denied.

133. Denied.

134. Denied.

135. Denied.

136. Denied.

137. Denied.

138. Admitted.

139. Paragraph 139 consists of Plaintiffs' characterization of a statute, to which no response is required. To the extent a response is deemed required, Defendants refer the Court to the statute for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

140. Denied.

141. Denied.

142. Denied.

143. Defendants deny the first two sentences of Paragraph 143. Defendants admit the fees for the forms listed in the table in Paragraph 143 were increased as listed in the table.

144. Paragraph 144 consists of Plaintiffs' characterization and quotation of a Federal Register document. To the extent a response is deemed required, Defendants refer the Court to the document for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

145. Paragraph 145 consists of argument and legal conclusions to which no response is required. To the extent a response is deemed required, the allegations in this paragraph are denied.

146. Admitted.

147. Paragraph 147 consists of argument and legal conclusions to which no response is required. To the extent a response is deemed required, the allegations in this paragraph are denied.

148. Admitted.

149. Admitted.

150. Paragraph 150 consists of Plaintiffs' characterization and quotation of a Federal Register document. To the extent a response is deemed required, Defendants refer the Court to the document for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

151. Paragraph 151 consists of Plaintiffs' characterization and quotation of a Federal Register document. To the extent a response is deemed required, Defendants refer the Court to the document for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

152. Denied.

153. Denied.

154. Denied.

155. Denied.

156. Paragraph 156 consists of argument and legal conclusions to which no response is required. To the extent a response is deemed required, the allegations in this paragraph are denied.

**CAUSES OF ACTION**

157. Defendants repeat and re-incorporate the responses to the previous paragraphs as though fully set forth herein in response to Paragraph 157.

158-166. Paragraphs 158-166 consist of argument and legal conclusions to which no response is required. To the extent a response is deemed required, the allegations in these paragraphs are denied.

167. Defendants repeat and re-incorporate the responses to the previous paragraphs as though fully set forth herein in response to Paragraph 167.

168-176. Paragraphs 168-176 consist of argument and legal conclusions to which no response is required. To the extent a response is deemed required, the allegations in these paragraphs are denied.

177. Defendants repeat and re-incorporate the responses to the previous paragraphs as though fully set forth herein in response to Paragraph 177.

178-190. Paragraphs 178-190 consist of argument and legal conclusions to which no response is required. To the extent a response is deemed required, the allegations in these paragraphs are denied.

191. Denied.

**PRAYER FOR RELIEF**

The remaining paragraphs of the Complaint contain Plaintiffs' requested relief, to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations contained in the remaining paragraphs of the Complaint and aver that Plaintiffs are not entitled to any relief.

Defendants also deny all allegations in the Complaint not expressly admitted or denied.

**AFFIRMATIVE AND OTHER DEFENSES**

1. The Court lacks subject matter jurisdiction over one or more claims or requests for relief in the Complaint.

2. The Complaint fails to state a claim upon which relief can be granted.

3. At all times, Defendants acted lawfully and reasonably exercised their discretion.

## CONCLUSION

Having fully answered the allegations in the Complaint and stated their defenses, Defendants respectfully requests that this Court enter judgment dismissing the Complaint with prejudice, awarding costs for defense of this action, and granting such other relief as the Court may deem appropriate.

Dated: May 24, 2024　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　BRIAN M. BOYNTON
　　　　　　　　　　　　　　　　　　　　Principal Deputy Assistant Attorney General

　　　　　　　　　　　　　　　　　　　　BRIGHAM J. BOWEN
　　　　　　　　　　　　　　　　　　　　Assistant Branch Director

　　　　　　　　　　　　　　　　　　　　*/s/ Cynthia Liao*
　　　　　　　　　　　　　　　　　　　　CYNTHIA LIAO (CA Bar No. 301818)
　　　　　　　　　　　　　　　　　　　　MADELINE MCMAHON (DC Bar No. 1720813)
　　　　　　　　　　　　　　　　　　　　Trial Attorneys
　　　　　　　　　　　　　　　　　　　　United States Department of Justice
　　　　　　　　　　　　　　　　　　　　Civil Division, Federal Programs Branch
　　　　　　　　　　　　　　　　　　　　1100 L St. N.W.
　　　　　　　　　　　　　　　　　　　　Washington, DC 20005
　　　　　　　　　　　　　　　　　　　　Tel: (202) 531-1325
　　　　　　　　　　　　　　　　　　　　Fax: (202) 616-8470
　　　　　　　　　　　　　　　　　　　　cynthia.f.liao@usdoj.gov

　　　　　　　　　　　　　　　　　　　　*Counsel for Defendants*