# UNITED STATES DISTRICT COURT
# DISTRICT OF COLORADO

| | |
|---|---|
| SAMANTHA MOODY, *et al.*,<br><br>　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>ALEJANDRO MAYORKAS, in his official capacity as Secretary, United States Department of Homeland Security, *et al.*,<br><br>　　　　　　　　　　Defendants. | Case No. 1:24-cv-00762-CNS<br><br>Judge Charlotte N. Sweeney |

## DEFENDANTS' SUR-REPLY[1]

With their reply brief, Plaintiffs belatedly submitted two documents in an attempt to support Article III standing: (1) a declaration from Plaintiff ITServe's president Jagadeesh Mosali, also the owner of ITServe member Rosebud IT Solutions, ECF No. 27-1; and (2) a receipt showing that Kanishka Malik, a member of Plaintiff AIIA, paid a fee for Form I-829, ECF No. 27-2.

With regard to ITServe, the Mosali declaration identifies three H-1B fees that were increased in the Rule, that are paid by ITServe members. *Compare* Mosali Decl. ¶ 8, *with* 89 Fed. Reg. 6194, 6198 (Jan. 31, 2024) (showing fee increases for Form I-129 (Petition for a Nonimmigrant) for H-1B employers other than nonprofits or small employers, and the H-1B registration fee), *and id.* at 6195 (describing new Asylum Program Fee to be paid by Form I-129 filers, among others). One of them, the H-1B registration fee, was never challenged in the Complaint, and thus is not properly before this Court. *See* Compl.

---

[1] This brief uses the same abbreviations and short forms as Defendants' Response Brief, ECF No. 26.

1

¶ 125, ECF No. 1.[2] In any event, even if ITServe has standing to challenge two or three of these fees, ITServe has not shown that it has standing to challenge any of the dozens of other fees in the 2024 Rule for forms not used in the H-1B visa program. *See* 89 Fed. Reg. at 6198-204. Nor has it shown standing to challenge the various fee waivers and exemptions in the Rule for forms that are, again, not used in the H-1B program. *See, e.g.*, *id.* at 6221-27.

Similarly, while the Malik receipt shows that AIIA has one member who paid an increased fee for Form I-829,[3] AIIA still has not shown that it has standing as to the other EB-5 fees (Forms I-526, 526E, 956, 956F, 956G). *See* Defs.' Resp. Br. at 4-5 (describing forms used in EB-5 visa program). Nor has it proven standing as to any other part of the Rule. Even as to Form I-829, Malik is not likely to be paying Form I-829 fees again in the future, so AIIA lacks proof that it retains standing to seek prospective relief. *Id.* at 16.[4] While Plaintiff Samantha Moody may have standing to seek prospective relief for herself with regard to the Form I-829 fee, which she expects to pay in 2026, there is no proof that she is an AIIA member.

---

[2] Mosali Decl. ¶ 8 also lists a Form I-129 premium processing fee increase that was not part of the Rule at issue. Premium processing fees were addressed in a different rule, which Plaintiffs have not challenged in this case. *See* 89 Fed. Reg. at 6208; Adjustment to Premium Processing Fees, 88 Fed. Reg. 89539, 89542 (Dec. 28, 2023).

[3] Contrary to Plaintiffs' accusation, a defendant does not act in "bad faith" when it holds a plaintiff to its burden to prove standing. *See* Pls.' Reply Br. at 3, ECF No. 27; *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992) (a plaintiff "must set forth by affidavit or other evidence specific facts" to support standing (cleaned up)).

[4] Plaintiffs claim that Malik's Form I-829 is subject to a longer processing time than he otherwise would be under the RIA. Pls.' Reply Br. at 3. But the relief sought—vacating the Rule—would not redress processing delays, as it would only deprive the agency of resources. Even if the agency subsequently sets new fees using the RIA parameters, the RIA does not guarantee any particular processing time to any particular individual. The statute only sets "average" processing-time goals for various EB-5 forms. RIA § 106(b).

"[P]laintiffs must demonstrate standing for each claim that they press and for each form of relief that they seek." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 431 (2021). "[P]laintiffs who successfully challenge one provision of a law may lack standing to challenge *other* provisions of that law." *Barr v. Am. Ass'n of Pol. Consultants, Inc.*, 591 U.S. 610, 627 (2020). To the extent Plaintiffs want to vacate all of the fees and all of the fee waivers and exemptions in the Rule, they plainly have not proven standing to seek such sweeping relief. The Court's jurisdiction is limited to only the fees for which each Plaintiff has proven standing. At most, Plaintiff ITServe can seek relief only as to two H-1B-related fees (Form I-129 and the Asylum Program Fee), Plaintiff AIIA to retrospective relief as to Form I-829, and Plaintiff Moody to relief as to Form I-829.[5]

Dated: _____     Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

JOSHUA E. GARDNER
Special Counsel

*/s/ Cynthia Liao*
CYNTHIA LIAO (CA Bar No. 301818)
DANIEL RIESS (TX Bar No. 24037359)
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L St. N.W.
Washington, DC 20005
Tel: (202) 531-1325

---

[5] Other limitations besides Article III standing may, of course, limit the relief Plaintiffs receive if the Court determines there was an APA violation. For example, the Court would not be required to vacate even the few fees for which Plaintiffs have proven standing (i.e., to render those parts of the Rule void for everyone, not just make them inapplicable to the Plaintiffs before this Court). The Court would retain equitable discretion to remand without vacatur or tailor declaratory or injunctive relief to fit the nature of any violation and to redress Plaintiffs' proven harms while protecting the rights of non-parties. *See* Defs.' Resp. Br. at 39-44.

Fax: (202) 616-8470
cynthia.f.liao@usdoj.gov

*Counsel for Defendants*