# UNITED STATES DISTRICT COURT
# DISTRICT OF COLORADO

| | |
|---|---|
| SAMANTHA MOODY, *et al.*, <br><br>　　　　　　　　　　Plaintiffs, <br><br>　　　　v. <br><br>KRISTI NOEM, in her official capacity as Secretary, United States Department of Homeland Security, *et al.*, <br><br>　　　　　　　　　　Defendants.[1] | Case No. 1:24-cv-00762-CNS <br><br> Judge Charlotte N. Sweeney |

## **DEFENDANTS' RESPONSE TO PLAINTIFFS' NOTICE [32]**

Briefing in this Administrative Procedure Act case was completed on December 5, 2024, and the case is ripe for decision by this Court. *See* ECF Nos. 23-27, 29-31.

On February 6, 2025, Plaintiffs filed a notice citing to the White House, Office of Management and Budget's (OMB's) Fall 2024 Unified Agenda of Regulatory and Deregulatory Actions, which contained an entry regarding the currently ongoing EB-5 fee rulemaking. Notice, ECF No. 32; RIN Data, ECF No. 32-1.[2] The entry includes an "abstract" of the proposed rulemaking. The abstract states in part that, "[o]n Jan. 31, 2024, DHS adjusted [the EB-5] fees as part of a larger fee rule with other changes; however, it did not implement EB-5 Reform and Integrity Act of 2022 requirements." ECF No. 32-1.

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Kristi Noem, the Secretary of Homeland Security, and Andrew J. Davidson, the Acting Director of United States Citizenship and Immigration Services, are automatically substituted as Defendants in place of their predecessors.

[2] OMB publishes the Unified Agenda, a compilation of rules under development, twice a year. *See* Office of Information and Regulatory Affairs, About the Unified Agenda, https://perma.cc/A3MG-QHGJ.

1

Plaintiffs' claim that this sentence is a "confession" that the 2024 Fee Rule was "not made in accordance with law with respect to the increase in EB-5 fees" is erroneous. Notice at 1. As Defendants have explained, the EB-5 Reform and Integrity Act of 2022 (RIA) directed the agency to conduct a fee study and promulgate a regulation setting fees based on different parameters than USCIS uses under 8 U.S.C. § 1356(m). But the RIA did not place a moratorium on USCIS modifying EB-5 fees using its 8 U.S.C. § 1356(m) authority while the RIA fee rulemaking was in progress. *See* Defs.' Resp. Br. 19-21, ECF No. 26. Rather, the "Rule of Construction" in RIA § 106(f)—the provision that most directly addresses what Congress intended for USCIS to do with EB-5 fees in the interim— indicates that Congress meant for USCIS to retain its preexisting authority. There would be no reason for Congress to provide that the agency was not required to modify fees before the RIA fee study and rulemaking process was completed if USCIS did not retain authority to do so. *See* RIA, Pub. L. No. 117-103, § 106(f), 136 Stat. 1070, 1105.

In any event, as Plaintiffs themselves point out,[3] the RIA issue affects only the EB-5 fees in the 2024 Fee Rule. Thus, even if the Court were to find that the agency erred with respect to the RIA, any relief granted should be limited to the EB-5 fees (specifically to Form I-829, the only EB-5 fee that Plaintiff Moody and a single member of Plaintiff AIIA have shown they have paid or expect to pay) and should not affect any other part of the Rule, consistent with severability, Article III standing, and equitable principles. *See* Defs.' Resp. Br. 42-43; Defs.' Sur-Reply 2-3, ECF No. 31.

---

[3] *See* Notice at 1 (referring to "Plaintiffs' claim that the 'larger fee rule' was not made in accordance with law *with respect to the increase in EB-5 fees*") (emphasis added).

Dated: February 12, 2025

Respectfully submitted,

BRETT A. SHUMATE
Acting Assistant Attorney General

ANDREW WARDEN
Assistant Branch Director

*/s/ Cynthia Liao*
CYNTHIA LIAO (CA Bar No. 301818)
DANIEL RIESS (TX Bar No. 24037359)
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L St. N.W.
Washington, DC 20005
Tel: (202) 531-1325
Fax: (202) 616-8470
cynthia.f.liao@usdoj.gov

*Counsel for Defendants*