**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**
Judge Charlotte N. Sweeney

Civil Action No. 1:24-cv-00762-CNS

SAMANTHA MOODY, *et al.,*

    Plaintiffs,

v.

KRISTI NOEM, *in her official capacity as Secretary*, United States Department of Homeland Security; *et al.,*

    Defendants.

---

### PLAINTIFFS' NOTICE RE: DEFENDANTS' PROPOSED RULEMAKING

---

On October 23, 2025, Defendants published a Notice of Proposed Rulemaking in the Federal Register with specific relevance to this case, seeking, *inter alia*, to change EB-5-related filing fees. *See* 2025-19642 (90 FR 48516) (Oct. 23, 2025) (hereinafter, the "NPRM"). A PDF copy of the NPRM is attached.

In the NPRM, Defendants have purported to complete the EB-5 fee study, which was due on or before March 15, 2023, which is central to this case and required as per Section 106 of the *EB-5 Reform and Integrity Act of 2022*. *See* 90 FR 48516, 48520 (including footnote 18 conceding that "the deadline provided in section 106(b) for promulgation of the regulations has passed"). Importantly, the NPRM seeks to generally *lower* EB-5 related filing fees from their current levels raised in the April 1, 2024 rule. Notably, these are proposed as follows:

1

TABLE 12—EB-5 PROGRAM FORMS WITH PROPOSED FEE CHANGES

| Form | Volume | Weight | Current | Proposed | % Diff. | Change | Weight % | Weight |
|---|---|---|---|---|---|---|---|---|
| I-526 | 225 | 2.1 | $11,160.0 | $9,625.0 | −13.8 | −$1,535.0 | −0.3 | −$32.0 |
| I-526E(i) | 3,395 | 31.4 | 11,160.0 | 9,625.0 | −13.8 | −1,535.0 | −4.3 | −482.3 |
| I-829 | 3,430 | 31.7 | 9,525.0 | 7,860.0 | −17.5 | −1,665.0 | −5.5 | −528.5 |
| I-956(i) | 50 | 0.5 | 47,695.0 | 28,895.0 | −39.4 | −18,800.0 | −0.2 | −87.0 |
| I-956(a) | 150 | 1.4 | 47,695.0 | 18,480.0 | −61.3 | −29,215.0 | −0.9 | −405.6 |
| I-956F | 450 | 4.2 | 47,695.0 | 29,935.0 | −37.2 | −17,760.0 | −1.6 | −739.7 |
| I-956G | 500 | 4.6 | 4,470.0 | 2,740.0 | −38.7 | −1,730.0 | −1.8 | −80.1 |
| I-956H | 2,100 | 19.4 | 0.0 | 55.0 | 0.0 | 55.0 | 0.0 | 10.7 |
| I-956K | 400 | 3.7 | 0.0 | 2,740.0 | 0.0 | 2,740.0 | 0.0 | 101.4 |
|  |  |  |  |  |  |  | −14.7 | −2,258.8 |

Source: USCIS analysis (Jan. 13, 2025).

NPRM at 48537.

Beyond conceding the performance-based fee study was late, in the NPRM Defendants explain their rationale in proposing lower fees:

> As explained in this rule and the supporting documents, the projected costs of administering the EB–5 program will be lower than projected fee revenue with the current fees, indicating a need for a fee adjustment. […] Consistent with the EB–5 Reform Act, <u>this proposed rule</u> would ensure that USCIS recovers full EB–5 program operating costs by setting EB–5 fees at a level sufficient to fund overall requirements and general operations related to the EB–5 program.

NPRM at 48521 (emphasis added).

Furthermore, with regard to the fee increases effective since April 1, 2024, , Defendants state:

> Because the fee study <u>had not yet been</u> completed at the time, the EB–5 fees in the FY 2022/2023 fee rule <u>were not set according to the fee study parameters and processing time goals of the EB–5 Reform Act</u>, which are narrower in scope than the full cost recovery model that USCIS normally employs when determining IEFA fees through the authority of section 286(m) of the INA, 8 U.S.C. 1356(m). <u>However, the EB–5 fees proposed in this rule are set using the parameters in the EB–5 Reform Act</u>.

NPRM at 48522 (emphasis added).

These statements, taken together, are tantamount to a concession that Defendants have overcharged EB-5 stakeholders from April 1, 2024, until now, acted arbitrary, capricious, and unlawful by setting the fee amounts, and will continue with the current fees at issue here (at least) until the NPRM can be finalized. Plaintiffs' position

2

remains that these current fees violate Section 106 of the *EB-5 Reform and Integrity Act of 2022* Pub. L. No. 117-303, 136 Stat. 49 (Mar. 15, 2022) (requiring fees to be set "at a level sufficient to ensure the full recovery only of the costs of providing such services, including the cost of attaining the goal of completing adjudications, on average, not later than" 90 to 240 days, depending on the nature of the petition.). This Court should therefore grant Plaintiffs' motion for summary judgment and set aside the April 2024 fee rule.

Dated: October 23, 2025,                              Respectfully submitted,

                                                      */s/ Matthew T. Galati*
                                                      Matthew T. Galati
                                                      The Galati Law Firm, LLC
                                                      8080 Old York Road, Suite 204
                                                      Elkins Park, PA 19027
                                                      Phone: (215) 310-0231
                                                      Email: matt@galati.law

                                                      */s/ Jonathan D. Wasden*
                                                      Jonathan D. Wasden
                                                      Wasden Law
                                                      2593 W Torana Dr
                                                      Meridian, ID 83646
                                                      Phone: (843) 872-4978
                                                      Email: jon@wasden.law

                                                      */s/ Jesse M. Bless*
                                                      Jesse M. Bless
                                                      Bless Litigation LLC
                                                      6 Vineyard Lane
                                                      Georgetown, MA 01833
                                                      Phone: (781) 704-3897
                                                      Email: jesse@blesslitigation.com

                                                      Attorneys for the Plaintiffs